UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCKESSON CORPORATION,
a Delaware corporation,

     Plaintiff,

v.                        Case No.: 8:24-cv-1413-KKM-LSG

BENZER OH 9, LLC, et al.

     Defendants.
_____/

## REPORT AND RECOMMENDATION

     Under Rule 55(b), Federal Rules of Civil Procedure, the plaintiff McKesson Corporation moves for a default judgment against the defendants. Docs. 27, 34. I recommend granting the motions.

### I.    BACKGROUND

     In a five-count complaint, McKesson sues the defendants for breach of contract based on the defendants' failure to pay amounts owed under a promissory note and both individual and corporate guarantees. Doc. 1. McKesson alleges diversity jurisdiction. Doc. 1 at 2. The defendant Benzer Pharmacy Holding, LLC, ("Benzer Holding") operates an independent pharmacy chain and procures prescription and over-the-counter drugs through a business arrangement with McKesson. Doc. 1 at 3. Benzer Holding guaranteed the payment obligations of its pharmacies, including the defendant Benzer OH 9, LLC, which committed to eighty-

three monthly installments of approximately $4,762 through December 1, 2025, on a $400,000 promissory note. Doc. 1 at 4, Doc. 1-6. Additionally, Alpesh Patel, Hema Patel, and Manish Patel each signed a guarantee. Docs. 1-1, 1-7. Since November 1, 2023, Benzer OH has failed to pay amounts due under the promissory note, and Benzer Holding, Alpesh Patel, Hema Patel, and Manish Patel have failed to satisfy the obligations of Benzer OH. Doc. 1 at 4.

McKesson served the defendants, who failed to appear or otherwise defend. Docs. 8, 10-12, 26. Accordingly, the Clerk entered a default against each defendant, and McKesson moves for a default judgment. Docs. 16-19, 27, 33-34. As support for the motion, McKesson files the Declaration of Richard Call, the Senior Credit Manager for McKesson. Doc. 28.

## II.    DISCUSSION

Rule 55(b) permits a judgment by default if a defendant fails to plead or defend. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). By defaulting, the defendant admits the factual allegations of the complaint. *Id.* at 1245; *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). If a sufficient factual basis exists for the judgment, a default judgment is warranted. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). If the plaintiff seeks an amount certain and the record contains the essential evidence and factual allegations supporting the claim, a hearing to determine the amount of damages is unnecessary. FED. R. CIV. P. 55(b); *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005).

2

McKesson sues for breach of contract. Every agreement, except for the customer application signed by Hema Patel, Doc. 28-1, requires the application of California law. Docs. 28-2, 28-5, 28-6. A federal court exercising diversity jurisdiction applies the forum state's choice-of-law rules. *Kasparov v. Schnorenberg*, No. 3:15-cv-1093-J32PDB, 2016 WL 8846261, *8 (M.D. Fla. Aug. 16, 2016). "Florida courts generally enforce contractual choice-of-law provisions unless the chosen forum's law contravenes strong public policy." *Id.* Absent a choice of law provision, the law of the state in which the parties executed or performed the contract applies. *Id.*

The guaranty in the customer application lacks a choice-of-law provision. Doc. 28-1. The "validity and interpretation of a promissory note or other instrument which is executed in and payment in a particular state is governed by the law of that state." 10 FLA. JUR. 2D CONFLICT OF LAWS § 14; *Connor v. Elliott*, 85 So. 164, 165-66 (Fla. 1920). Here, the guarantors signed the agreement in Florida and Michigan; the place of performance is Ohio. Doc. 28-1. Whatever the governing law, the elements of a breach of contract are the same in each state. *Cole v. Plantation Palms Homeowners Assoc., Inc.*, 371 So. 3d 413, 415 n. 2 (Fla. 2d DCA 2023); *Miller-Davis Co. v. Ahrens Const., Inc.*, 848 N.W. 2d 161, 178 (Mich. 2014); *Brendamour v. Indian Hill*, 2022-Ohio-4724, 204 N.E. 3d 1085 at 1089. The same is true of California law. *Coles v. Glaser*, 2 Cal. App. 5th 384, 391, 16 Cal. Rptr. 3d 922 (2016).

Count one alleges that Benzer OH 9, LLC, signed a promissory note in the amount of $400,000.00, which note obligated Benzer OH to pay eighty-three

monthly installments of approximately $4,762 beginning on January 1, 2019, and concluding on December 1, 2025. Doc. 1 at ¶16-21. Beginning on November 1, 2023, Benzer OH failed to pay those monthly installments and failed to pay overdue amounts despite McKesson's demand. Doc. 1 at ¶21-23. Accordingly, McKesson accelerated the principal and interest due under the promissory note and seeks those amounts plus default interest, late charges, and the costs of collection. Doc. 1 at ¶24-24-28. The complaint further alleges that the defendant Benzer Pharmacy Holding, LLC, as well as each individual defendant, guaranteed the obligations of Benzer OH and have each breached that guaranty by failing to satisfy Benzer OH's obligations under the promissory note. Doc. 1 at ¶30-81.

Accepted as true, these allegations state a claim for breach of contract against the defendants. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, a default judgment on counts one through five is warranted. A hearing on the amount of damages is unnecessary because the plaintiff's damages are mathematically certain and because sufficient evidence of those damages already exists in the record. Doc. 28.

## III.   CONCLUSION

Accordingly, I recommend an order **GRANTING** the motions for default judgment, Docs. 27 and 34. I further recommend an order directing the Clerk to enter a judgment in favor of the plaintiff and against the defendants, jointly and severally, in the amount of $140,549.75, as of November 14, 2024, plus interest accruing at the promissory note rate of $34.55 per day through December 1, 2025,

4

together with post-judgment interest. Thereafter the Clerk may terminate any

pending motion and close the case.

    **REPORTED** this 18th day of November, 2024.

                                        LINDSAY S. GRIFFIN
                                        United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.